UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 4:09-CV-1628 (CEJ) |
| | ) |
| BRENT M. HARGROVE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiffs' motion for sanctions, pursuant to Rule 37(b)(2)(A), Fed.R.Civ.P. Defendants Brent M. Hargrove and H & H Farms filed an opposition, and the issues are fully briefed.

### I. Background

On March 23, 2010, the Court entered an order granting plaintiffs' motion to compel defendants to (1) answer plaintiffs' interrogatories and requests for admission in full, and (2) produce all documents responsive to plaintiffs' requests for production. The next day, plaintiffs filed a motion to reconsider the order, requesting the Court to deem plaintiffs' requests for admission as admitted. After the Court granted plaintiffs' motion, defendants filed a motion to withdraw the admissions and for leave to serve their discovery responses upon plaintiffs on April 5, 2010, which the Court granted on April 6, 2010. Three days later, plaintiffs filed the instant motion based on defendants' failure to provide discovery responses as required by the Court's March 23, 2010 order.

II. **Discussion**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure sets forth a variety of sanctions for violation of a discovery order, including the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A). In lieu of or in addition to the enumerated sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999). Because the Court's March 23, 2010 order compelled defendants to respond fully and adequately to plaintiffs' discovery

requests, the Court will now determine whether defendants willfully violated that order, and whether plaintiffs are prejudiced by such violation.

A. Defendants' Failure to Comply with the Discovery Order

On March 23, 2010, the Court ordered defendants to provide, by April 5, 2010, complete and full answers to plaintiffs' interrogatories and requests for admission, and all documents responsive to plaintiffs's requests for admission. On April 16, 2010, defendants hand-delivered answers and documents responsive to plaintiffs' discovery requests. Plaintiffs argue that defendants' discovery responses were inadequate.

In their requests for production, plaintiffs sought documents concerning defendants' seed and chemical purchases. (Doc. #33, at 1). Defendants did not provide this documentation. When plaintiffs' counsel contacted defendants' counsel by telephone and advised him that the March 23, 2010 order required defendants to produce these documents, defendants' counsel "stated that [d]efendants had no obligation to produce those records." (Doc. #35, at 1). Moreover, in response to plaintiffs' motion for sanctions, defendants assert that they produced all of the documentation in their possession, and that "Mr. Hargrove . . . signed authorizations . . . allowing Monsanto to acquire any and all of the seed and chemical purchase documents that Monsanto [had] requested." (Doc. #37, at 2, para. 3). Plaintiffs maintain that defendants are obligated to produce the documents concerning their seed and chemical purchases because this information is within defendants' control. (Doc. #39, at 2-3).

Federal Rule of Civil Procedure 34(a) states that "[a] party may serve on any other party a request . . . to produce and permit the requesting party or its representative to inspect, copy, test, or sample the [requested] items in the responding party's possession, custody or control[.]" Fed.R.Civ.P. 34(a)(1).

> "Under Rule 34, 'control' does not require that the party have legal ownership or actual physical possession of the documents at issue; rather, documents are considered to be under a party's control when that party has a right, authority, or practical ability, to obtain the documents from a non-party to the action."

Prokosch v. Catalina Lighting, Inc., 193 F.R.D. 633, 636 (D. Minn. 2000) (citations omitted) (emphasis added).

Here, defendants do not have physical possession of the documents regarding their seed and chemical purchases. However, defendants have legal authority to obtain the documents, which is evidenced by the fact that they authorized plaintiffs to acquire these records. Therefore, defendants are obligated to produce this information, in accordance with the March 23, 2010 order.

Additionally, plaintiffs highlights other deficiencies in defendants' discovery responses. First, plaintiffs note that defendants failed to produce any documents related to their affirmative defenses. (Doc. #39, at 4). Secondly, "[d]efendants also failed to produce any Farm Service Agency records for 2004 and any Farm Service Agency records for H & H Farms." Id. Finally, plaintiffs argue that defendants failed to adequately respond to their Interrogatory No. 1, which sought:

> (a) the identity of each state and county in which [defendants] have produced a commercial agronomic crop each year;

(b) the total number of acres of cotton planted by [defendants] each year;

(c) the total number of acres of Roundup Ready® cotton planted by [defendants] each year;

(d) the total number of acres of Roundup Ready® Flex cotton planted by [defendants] each year;

(e) the total number of acres of Bollgard® cotton planted by [defendants] each year;

(f) the total number of acres of Bollgard® II cotton planted by [defendants] each year;

(g) the total number of acres of any other cotton variety planted by [defendants] each year;

(h) the identity of each field where you planted Roundup Ready®, Roundup Ready® Flex, Bollgard® and/or Bollgard® II cotton during the 2003 through 2009 crop years by [Farm Service Agency] farm number, tract number, and field number.

(Doc. #39-1, at 1-2). In response to Interrogatory No. 1, defendants referred plaintiffs to the "USDA documents" that they produced, which only revealed the "total number of acres planted in cotton." (Doc. #39-1, at 2; #39, at 4 n. 6).

The Court concludes that defendants' failure to fully comply with the March 23, 2010 order demonstrates a disregard for the Court and the discovery rules. As such, the Court finds that defendants have willfully violated the March 23, 2010 order compelling discovery responses.

B.  **Prejudice to Defendants**

Plaintiffs have suffered prejudice from defendants' continued failure to comply with the discovery rules. First, defendants' conduct has caused delays in discovery, and resulted in plaintiffs incurring additional costs by filing a motion to compel and the instant motion for sanctions. Second, defendants' failure to

produce complete and adequate answers and documentation has hampered plaintiffs' ability to conduct depositions and engage in settlement negotiations. In fact, plaintiffs canceled their deposition of defendant Hargrove and the April 8, 2010 mediation "because of the lack of discovery responses from [d]efendants." (Doc. #33, at 3, para. 14). The Court, thus, finds that plaintiffs are prejudiced by defendants' noncompliance with the discovery rules.

### C. Sanction

As noted above, the Court finds that the defendants refusal to comply with the March 23 order was willful. The Court, thus, believes the appropriate sanction at this time is to require the defendants and their attorneys to pay the expenses, including attorney's fees, incurred by plaintiffs in preparing their motion for sanctions. Defendants claim that their noncompliance with the March 23, 2010 order was substantially justified because (1) defendant Hargrove and his father are battling serious health problems; and (2) defendant Hargrove has expended a considerable amount of time maintaining his farming operations. The Court believes that defendants' reasons are unpersuasive and do not substantially justify their failure to comply with the March 23, 2010 order. If defendants needed additional time to reply to plaintiffs' discovery requests, they should asked for it.

Plaintiffs will be required to submit a verified statement of the expenses and fees incurred in preparing for the motion for sanctions. In addition, defendants must provide (1) complete and adequate answers to plaintiffs' Interrogatory No. 1, and (2) produce all documents responsive to plaintiffs' requests for production, including defendants' seed and chemical purchases documentation.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for sanctions [Doc. #33] is **granted**.

**IT IS FURTHER ORDERED** that defendants shall have until **June 1, 2010**, to produce **all** documents responsive to plaintiffs' requests for production in compliance with the order entered on March 23, 2010.

**IT IS FURTHER ORDERED** that plaintiffs shall have until **June 15, 2010**, to submit a verified statement of attorney's fees and expenses incurred in preparing the motion for sanctions.

**IT IS FURTHER ORDERED** that defendants shall have until **June 22, 2010**, to file objections to the plaintiffs' verified statement.

**The defendants and their counsel are warned that additional sanctions will be imposed if they continue to disobey the Court's orders.**

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 12th day of May, 2010.