UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | No. 4:09-CV-1628 (CEJ) |
| ) | |
| BRENT M. HARGROVE, et al., ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on plaintiffs' second motion for sanctions. Defendants have not responded to plaintiffs' motion and the deadline for doing so has passed.

**I.  Background**

The defendants have twice been ordered to provide discovery to the plaintiffs. See Order dated March 23, 2010 [Doc. #25] and Order dated May 12, 2010 [Doc. #40]. In addition, the defendants have been ordered to pay plaintiffs' attorneys' fees as a sanction for defendants' disobedience to the orders compelling discovery. The defendants have objected to the amount claimed by plaintiffs as attorneys' fees. However, they still have not provided the discovery as ordered by the Court. Additionally, on July 9, 2010, the Court ordered defendants to obtain new counsel after their previous attorney withdrew. [Doc. #46]. The defendants have not complied with that order, and the deadline for doing so has passed. Finally, unable to proceed with any meaningful discovery or comply with the Court's case management order, plaintiffs filed this motion requesting that the Court strike defendants' pleadings and enter default against the defendants.

II. **Discussion**

Rule 37(b)(2)(A) of the Federal Rules of Civil Procedure sets forth a variety of sanctions for violation of a discovery order, including the following:

(i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;

(ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

(iii) striking pleadings in whole or in part;

(iv) staying further proceedings until the order is obeyed;

(v) dismissing the action or proceeding in whole or in part;

(vi) rendering a default judgment against the disobedient party; or

(vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Fed.R.Civ.P. 37(b)(2)(A).

In lieu of or in addition to the enumerated sanctions, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(b)(2)(C). "In order to impose sanctions under Rule 37, there must be an order compelling discovery, a willful violation of that order, and prejudice to the other party." Chrysler Corp. v. Carey, 186 F.3d 1016, 1019 (8th Cir. 1999).

In a previous order, the Court found that the defendants willfully violated the March 23, 2010 order compelling discovery, and that finding resulted in the imposition of sanctions. The defendants have yet to comply with the orders compelling discovery

and have offered no explanation or justification for their noncompliance. It is evident that the defendants have simply chosen not to fulfill their discovery obligations. In addition, no attorney has been retained to represent defendant H&H Farms, even though the defendants have been told that H&H Farms cannot represent itself. The defendants have not asked for more time to find an attorney, but again have elected to ignore the Court's order. See Forsythe v. Hales, 255 F.3d 487 (8th Cir. 2001) (business entity cannot proceed pro se; failure to obtain counsel results in defendant's default) (citing Ackra Direct Marketing Corp. v. Fingerhut Corp., 86 F.3d 852 (8th Cir. 1996)).

Rule 55, Fed.R.Civ.P., provides that a court may enter default judgment for a failure "to plead or otherwise defend." Fed.R.Civ.P. 55(a). A failure to defend occurs where a party's conduct includes "willful violations of court rules, contumacious conduct, or intentional delays." Ackra Direct Marketing Corp, 86 F.3d 852, 856 (8th Cir. 1996)(citing United States v. Harre, 983 F.2d 128, 130 (8th Cir.1993)). "The entry of default judgment should be a 'rare judicial act.'" Comiskey v. JFTJ Corp., 989 F.2d 1007 (8th Cir. 1993) (citing Edgar v. Slaughter, 548 F.2d 770, 773 (8th Cir.1977)). The cases cited above make it clear that entry of default judgment, whether pursuant to Rule 37(b) or Rule 55(a), is an appropriate exercise of a court's discretion for a party's repeated failure to comply with court orders due to wilfulness or bad faith. Ackra Direct Marketing Corp, 86 F.3d 852 (affirming trial court's entry of default under Rule 55, Fed.R.Civ.P., for failure to retain counsel by corporate defendant and willful violations of court rules); Comiskey, 989 F.2d 1007 (affirming district court's entry of default judgment under Rule 37, Fed.R.Civ.P., for repeated willful violations of the court's orders regarding discovery).

Here, the defendants' continued disobedience of the Court's orders have prevented the plaintiff from obtaining necessary discovery and, thus, has made it impossible for this case to progress. The failure to retain counsel is further evidence of the defendants' unresponsiveness and apparent disregard for the authority of the Court. The defendants have offered no justification or excuse for their misconduct. The Court therefore finds it appropriate to strike the defendants' answer and to enter judgment against them by default.

] Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion for additional sanctions [Doc. #48] is **granted**.

**IT IS FURTHER ORDERED** that defendants' answer [Doc. #11] is **stricken**.

**IT IS FURTHER ORDERED** that plaintiffs shall, not later than **February 1, 2011**, submit such affidavits and documentation necessary for entering judgment against defendants Brent Hargrove and H & Farms.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail a copy of this Order to the defendants as follows:

> Brent M. Hargrove and H & H Farms
> 701 Avenue Q
> Anso, Texas 79501

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2011.