UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| MONSANTO COMPANY, et al., | ) |
| Plaintiffs, | ) ) ) |
| vs. | ) No. 4:09-CV-1628 (CEJ) ) |
| BRENT M. HARGROVE, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the plaintiffs' motion for attorneys' fees. Defendants have not responded to the motion and the time for doing so has expired.

On November 7, 2011, the Court entered default judgment against the defendants and determined that plaintiffs were entitled to an award of attorneys' fees pursuant to 35 U.S.C. § 285 and under the terms of the parties' licensing agreement. As directed by the Court, the plaintiffs have submitted a verified statement of the attorneys' fees and costs they incurred in this matter.

Where an award of attorneys' fees is warranted, the amount must be reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). The amount of attorney hours reasonably expended on a matter multiplied by a reasonable hourly rate—known as the lodestar approach—is an acceptable method of calculating a reasonable attorneys' fees award. Perdue v. Kenny A. ex rel. Winn, 130 S. Ct. 1662, 1672 (2010). Time spent on a matter that is "excessive, redundant, or otherwise unnecessary" is not reasonable. El-Tabech v. Clarke, 616 F.3d 834, 842 (8th Cir.2010) (quoting Hensley, 461 U.S. at 434).

Here, the Court finds that the rates charged by plaintiffs' legal counsel are

reasonable in comparison to the rates charged by other attorneys in the St. Louis, Missouri market having comparable qualifications and performing similar work. However, the Court further finds that the documents submitted reflect hours that were not reasonably expended in light of the claims asserted against defendants.

The time records submitted by plaintiffs show entries of 2.4, 5.6, and 2.8 hours by attorney K. Carnie, Jr. at a rate of $185 per hour; entries of 2.2, .7, .4, .4, 1.5, 1.4, .8, and .3 hours by attorney D. Cox at a rate of $335 per hour; and entries of .8, 1.9, and 1.8 by attorney J. Masson at a rate of $230 per hour. It appears from the description of these entries that this time was spent researching claims against third parties and drafting an amended complaint. Fees incurred for claims against other parties cannot be charged to defendants here. Additionally, no amended complaint was ever filed. Therefore, these expenditures will be disallowed.[1]

The time records also show entries of 1.8, .8, 2.8, .8, 4.3, 1.8, 3.6, 1.6, 3.4, 2.2, 1.1, .8, 1.1, 1.3, 2.7, 4.3, 1.8, 3.7, 2.1, 2.2, 3.1, 3.4, 2.1, 2.3, 2.3, and 1.7 hours by attorney J. Masson, as well as, an entry for 1.4 hours by attorney K. Carnie, Jr. The descriptions accompanying these entries detail research that was either redundant of the services provided by plaintiffs' experts or was in furtherance of claims and issues that were never raised in this case. Accordingly, these expenditures will be disallowed.[2]

The entries for 3.3, 1.2, and 1.0 hours by attorney M. Boder at the rate of $180

---

[1]The amount of fees deducted for this category of disallowed entries is (10.8 hours x $185) + (7.7 x $335) + (4.5 x $230) = $5,152.50

[2]The amount of fees deducted for this category of disallowed entries is (59.1 hours x $230) + (1.4 x $185) = $13,852.00

per hour and the entries for 1.1 and 2.4 hours by attorney D. Cox will also be disallowed. These hours were expended to prepare a verified statement of attorneys' fees in response to the order awarding attorneys' fees to plaintiffs' as a sanction for defendants' failure to provide discovery. Not only is 9 hours an excessive amount of time to produce a three-page filing [Doc. #41], but the time spent submitting an attorneys' fees statement was not reasonably expended toward the merits of this case.[3]

The Court finds that the remainder of the attorneys' fees and the costs claimed by plaintiffs were reasonably incurred in this matter. After deducting the disallowed amounts (totaling $21,167.00), the plaintiffs are entitled to recover $96,239.81 in attorneys' fees and $6,295.39 in costs.

Accordingly,

**IT IS HEREBY ORDERED** that the plaintiffs' motion for attorneys' fees [Doc. #59] is **granted in part and denied in part**.

**IT IS FURTHER ORDERED** that the defendants shall pay to the plaintiffs attorneys' fees in the amount of $96,239.81 and costs in the amount of $6,295.39.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2012.

---

[3] The amount of fees deducted for this category of disallowed entries is (5.5 hours x $180) + (3.5 hours x $335) = $2,162.50.