UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MONSANTO COMPANY, et al., | ) | |
| | ) | |
|    Plaintiff(s), | ) | |
| | ) | |
| vs. | ) | Case No. 4:09-cv-01628-SRC |
| | ) | |
| BRENT M. HARGROVE, et al., | ) | |
| | ) | |
|    Defendant(s). | ) | |

**Memorandum and Order**

This matter is before the Court on Plaintiffs Monsanto Company and Monsanto Technology, LLC's Motion for Revival of Judgment. Doc. 63.

**I.    Background**

On November 7, 2011, the Court entered judgment against Defendants Brent M. Hargrove and H & H Farms in the amount of $1,105,102.50 in monetary damages. Doc. 58. On July 7, 2021, Plaintiffs filed a Motion for Revival of Judgment, asserting that the judgment has not been satisfied. Doc. 63. On July 12, 2021, the Court ordered Defendants to show cause why the judgement should not be revived, Doc. 65, setting a September 1, 2021 deadline for a written response to Plaintiffs' motion. The Court warned Defendants that failure to file a written response by September 1, 2021, would result in the Court reviving the Judgment against them. *Id.* Pursuant to Missouri Rule of Civil Procedure 74.09(b) and Missouri Supreme Court Rule 54, the Court directed Plaintiffs to promptly serve Defendants with the Court's Show Cause Order consistent with the procedure for service of summons under Fed. R. Civ. P. 4.

Plaintiffs served Defendants with the Court's Show Cause Order on July 26, 2021, and filed proof of summons with the Court. Docs. 66–67. Defendants failed to respond to the Court's Show Cause Order by September 1, 2021.

## II.     Discussion

Missouri Rule of Civil Procedure 74.09 governs revival of judgments in this Court. *Greater St. Louis, Const. Laborers Welfare Fund v. RKK Indus. Services, Inc.*, 2007 WL 805611, at *1 (E.D. Mo. Mar. 14, 2007). Rule 74.09 provides:

> (a) When and by Whom. A judgment may be revived by order of the court that entered it pursuant to a motion for revival filed by a judgment creditor within ten years after entry of the judgment or the last prior revival of the judgment.
>
> (b) Order to Show Cause. Upon the filing of a motion of revival of a judgment, an order shall issue to the judgment debtor to show cause on a day certain why such judgment should not be revived. The order to show cause shall be served pursuant to Rule 54 on the judgment debtor, his successors in interest, or his legal representatives.
>
> (c) Judgment of Revival. If the judgment debtor, his successors in interest, or legal representatives fail to appear and show cause why the judgment should not be revived, the court shall enter an order reviving the judgment.

Mo. R. Civ. P. 74.09(a)–(c). No other requirements are imposed upon the party seeking revival. *See Young Elec. Sign Co. v. Duschell Furniture of Arizona, Inc.*, 9 S.W.3d 685, 687 (Mo. App. E.D. 1999) (the only obligation placed on party seeking revival is timely filing of motion to revive). The only defenses considered on a motion to revive a judgment are "whether the judgment creditor initiated the proceeding within the prescribed time of ten years; whether service, either personal or by publication, was obtained on the judgment debtor; whether the judgment existed; and whether the judgment was satisfied." *National Sur. Corp. v. Mehlville School Dist.*, 2015 WL 5022731, at *2 (E.D. Mo. August 24, 2015) (quoting *Elliott v. Cockrell*, 943 S.W.2d 328, 330 (Mo. Ct. App. 1997)).

Here, Plaintiffs timely filed their Motion to Revive Judgment on July 7, 2021, within ten years of entry of the original default judgment on November 7, 2011.  Doc. 63; *see* Mo. R. Civ. P. 74.09(a).  The Court then entered a Show Cause Order against Defendants, requiring them to respond no later than September 1, 2021, which Plaintiffs served on Defendants.  Docs. 65–67; *see* Mo. R. Civ. P. 74.09(b).  Defendants failed to respond to the Court's Show Cause Order as to why the judgment against them should not be revived.  Therefore, under Rule 74.09(c), the default judgment must be revived.  *See* Mo. R. Civ. P. 74.09(c); *Capitol Financial Group, LLC v. Bray*, 603 S.W.3d 700, 704 (Mo. App. E.D. June 9, 2020); *Hanks v. Rees*, 943 S.W.2d 1, 4 (Mo. App. S.D. Jan. 31, 1997).

Accordingly, the Court grants Plaintiffs' Motion for Revival of Judgment.  Doc. 63.  The Court will enter a separate Revival of Judgment.

So Ordered this 2nd day of September, 2021.

*[signature: SL R. CR]*

**STEPHEN R. CLARK**
**UNITED STATES DISTRICT JUDGE**

3